**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**IFS NORTH AMERICA, INC. and IFS CANADA, INC.;**

**Plaintiffs,**

**v.** **Case No.: 5:26-cv-00597-AGM-PRL**

**BETHANY POLLOCK,**

**Defendant.**
_________________________________/

## ORDER

This cause is before the Court on Plaintiffs' motion for limited expedited discovery. (Doc. 20). Defendant opposes the motion. (Doc. 25).

Plaintiffs filed their first complaint in this case on August 24, 2026. (Doc. 1). Plaintiffs later moved for a preliminary injunction on September 4, 2026. (Doc. 13). Defendant then filed a motion to dismiss on September 14, 2026. (Doc. 16).[1] On September 15, Plaintiffs filed their first motion for limited expedited discovery (Doc. 17), which was denied by this Court for failure to comply with Local Rule 3.01(g). (Doc. 18). On September 18, Plaintiffs then filed an amended complaint. (Doc. 19).[2] That same day, Plaintiffs also filed a second motion for limited expedited discovery, arguing that expedited discovery will assist in the resolution of the motion for preliminary injunction because it will enable the Court to better assess the

[1] This motion was denied by the Court as moot in light of Plaintiffs' amended complaint. (Doc. 22).

[2] Plaintiffs' motions for a preliminary injunction and expedited discovery (Docs. 13, 20) cite to Plaintiffs' first complaint. (Doc. 1). As discussed above, Plaintiffs have since filed an amended complaint. (Doc. 19). Both complaints contain the same three claims: breach of contract, violation of the Florida Uniform Trade Secrets Act, Fla. Stat. § 688.001 *et. seq.*, and violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836. (Docs. 1, 19).

merits of the claims alleged against Defendant. (Doc. 20). Plaintiffs attached their proposed discovery requests to the motion. (Doc. 20-1). Defendant opposes Plaintiffs' motion for preliminary injunction (Doc. 21) and second motion for limited expedited discovery (Doc. 25) and has also filed a motion to transfer the case (Doc. 23) and a motion to dismiss the amended complaint. (Doc. 24).

Under Federal Rule of Civil Procedure 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except," as relevant here, "when authorized by . . . by court order." A district court has "broad discretion in managing pretrial discovery matters." *Klay v. All Defendants*, 425 F.3d 977, 982 (11th Cir. 2005) (quoting *Perez v. Miami-Dade Co.*, 297 F.3d 1255, 1263 (11th Cir. 2002)). "The Court utilizes a good cause standard to determine whether expedited discovery should be permitted." *St. Jude Med. S.C., Inc. v. Biosense Webster, Inc.*, No. 6:13–cv–333–Orl–28TBS, 2013 WL 1502184, at *1 (M.D. Fla. Apr. 12, 2013) (citing cases). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Mullane v. Almon*, 339 F.R.D. 659, 663 (N.D. Fla. 2021) (quoting *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014)).

Factors considered in determining whether there is good cause to grant expedited discovery include:

> (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made.

*St. Jude Med. S.C.*, 2013 WL 1502184, at *1 (citing *Disability Rts. Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 6 (D.D.C. 2006)). Weighing these factors, the

Court finds that expedited discovery is not justified in this case and therefore Plaintiffs' motion is due to be denied.

Here, the first factor weighs in favor of Plaintiffs, as they have filed a motion for preliminary injunction. *See Digit. Assurance Certification, LLC v. Pendolino*, No: 6:17–cv–72–Orl–31TBS, 2017 WL 715152, at *3 (M.D. Fla. Feb. 23, 2017) (citing *Phila. Newspapers, Inc. v. Gannett Satellite Info.*, No. CIV.A.98–CV–2782, 1998 WL 404820, at *2 (E.D. Pa. July 15, 1998)).

However, the Court must also consider the scope of the requested expedited discovery. "The primary purpose of 'expedited discovery is to allow a party to obtain specific, limited, and identifiable pieces of information, particularly when there is some risk of spoliation or when the suit cannot reasonably proceed without the information.'" *Mullane*, 339 F.R.D. at 663 (quoting *Let Them Play MN v. Walz*, 517 F. Supp. 3d 870, 889 (D. Minn. 2021)). An appropriate request for expedited discovery is a request that is "narrowly tailored to serve the purpose warranting expeditious treatment." *Id.* at 664 (citing *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011)). Accordingly, a request for expedited discovery may be denied if it is too broad. *Digit. Assurance*, 2017 WL 715152, at *3 (citing *Phila. Newspapers*, 1998 WL 404820, at *2) (finding that the plaintiff's requests for production were overbroad when they were "not narrowly tailored to the time constraints under which the parties are operating, or the specific issues to be addressed at the hearing on the motion for a temporary restraining order"); *see also ADAPCO, LLC v. Heylek*, No. 6:19-cv-616-Orl-37DCI, 2019 WL 12021671, at *2 (M.D. Fla. Apr. 10, 2019) (denying motion for expedited discovery because "requiring production of 'all documents and communications' related to certain topics" in an "abbreviated time frame" was "broad and burdensome").

Here, Plaintiffs' requested discovery is broad in scope and will require significant action from Defendant. (Doc. 20-1). Plaintiffs included their desired discovery with their motion, which includes a number of interrogatories, requests for admission, and requests for production, as well as a request to take a four-hour deposition of Defendant. (Doc. 20-1). Rather than seeking limited information via narrowly tailored requests, the discovery sought by Plaintiffs appears to be of the kind likely to be sought in the usual course of discovery in this case.[3]

Additionally, as Defendant's opposition to the motion for expedited discovery highlights, some of the information requested by Plaintiffs has been provided by Defendant in the declarations attached to her opposition to Plaintiffs' motion for preliminary injunction. (Doc. 25 at 4); (Doc. 21). For example, Defendant provides information related to her role and responsibilities at EI and states that she does not use confidential information from IFS in her role at EI. (Doc. 21-1). This is responsive, at least in part, to some of Plaintiffs' interrogatories requesting information about Defendant's role at EI and provides information for the Court to use in assessing Plaintiffs' motion for a preliminary injunction. (Doc. 20-1 at 7).

Further, granting expedited discovery in this case will not result in a significant deviation from the usual discovery timeline. Under Local Rule 3.02(b), a case management report is due 40 days after a defendant appears in an action. M.D. Fla. Local Rule 3.02(b). Here, Defendant filed her first motion to dismiss on September 14, 2026. (Doc. 16).

---

[3] For example, requesting information from non-parties has been found significant in the analysis of the scope of a request for expedited discovery. *Digit. Assurance*, 2017 WL 715152, at *4 (the fact that the plaintiff was asking the "[d]efendant to produce documents and things that belong to [a] non-party" supported conclusion that the requests for production were overbroad). Some of Plaintiffs' requested discovery appears to seek information belonging to EI, who at present is not a party to this action. (Doc. 20-1 at 25); *see also Digit. Assurance*, 2017 WL 715152, at *4.

Accordingly, the case management report will be due on October 26, after which the court will enter a scheduling order and the parties will be free to conduct discovery. M.D. Fla. Local Rule 3.02(c); Fed. R. Civ. P. 26(f). Accordingly, permitting discovery to go forward at this time does not result in a substantial deviation from the typical timeline. Accordingly, the Court finds that requiring the parties to wait until the usual deadline to serve discovery will not result in significant prejudice to Plaintiffs given the progress of the case so far.[4]

Therefore, here, since discovery in the normal course is due to begin shortly, given the scope of Plaintiffs' requests, the Court finds that expedited discovery is not warranted in the present action and Plaintiffs' motion is due to be **denied**.[5]

**DONE** and **ORDERED** in Ocala, Florida on October 16, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[4] Courts have come out both ways regarding whether minor shifts in the discovery timeline support granting expedited discovery. *Compare Bostwick Laboratories, Inc. v. Farley*, NO. 14-CIV-60316-SCOLA/VALLE, 2014 WL 12580031, at *2 (M.D. Fla. May 16, 2014) (granting expedited discovery when "the schedule . . . [was] not much different than what the parties could have done without Court intervention"); *with St. Jude Med. S.C.*, 2013 WL 1502184, at *2 ("because the parties' Rule 26(f) must occur this month, [the moving party] will not gain much if its motion [for expedited discovery] is granted"). Here, discovery is nearly due to begin, and the Court finds that Plaintiffs have not shown good cause to deviate from that timeline.

[5] The Court draws no conclusions regarding the relevance or permissibility of any of Plaintiffs' proposed discovery requests once the usual discovery process has commenced, and Defendant is entitled to assert any applicable objections and privileges to any discovery.